W. T. SEDORE, Appellant, v. FRANK TURNER et al., Appellees.

**HIGHWAYS:** Establishment—Burden to Show Government Line. A landowner who concedes that a long existing highway was, by agreement, to be located equally upon both sides of the government line between adjoining tracts, but who disputes the accuracy of the location, has the burden to show the actual location of the government line. Evidence held insufficient to so show.

Headnote 1: 9 C. J. pp. 270, 286.

*Appeal from Wapello District Court.*—W. M. WALKER, Judge.

FEBRUARY 8, 1927.

Action in equity, to enjoin the removal of a fence along a public highway. An adjacent landowner intervened. The court denied the relief sought by the plaintiff, and made certain orders affecting the fences of plaintiff and intervener. The facts appear in the opinion.—*Affirmed.*

*Daniel F. Steck,* for appellant.

*Jaques, Tisdale & Jaques* and *E. R. Mitchell,* for appellees.

FAVILLE, J.—The plaintiff owns certain land lying on the north of a public highway. Defendants Turner *et al.* are the township trustees. Wilkins, intervener, owns adjacent land on the south side of said highway. Wapello County was made a party defendant. On or about the 1st day of October, 1856, the owners of the tracts of land now owned by plaintiff and intervener entered into a written agreement, providing that a road 40 feet in width should be established and laid out on a dividing line between their respective tracts of land. The governmental line, under this agreement, would have been the center of said highway. On or about June 25, 1860, the district court of Wapello County duly established said highway. Since said time, the same has been occupied and used as a public highway. It has been graded, a culvert has been placed therein between said farms, ditches have been constructed, and it has constantly been maintained and used as such public highway. The appellant contends that the true governmental line along which said highway was established is south of the center of said highway as the same has been established and maintained, and contends that he has a right to move his fence on the north side of said highway to a point a short distance south of the place where it has previously been maintained. This action is brought to enjoin interference with the maintenance of appellant's fence at the new line for which he contends. The township trustees and the county ask that the highway be established as originally laid out and as maintained for many years, and that both appellant and intervener be enjoined from moving their fences upon the line of said highway as so established, or from interfering in any manner with the county or township officers in

improving the said highway as so established and maintained. In its last analysis, the case centers about one question, and that is: Where is the true governmental line separating the land of appellant and intervener? The parties concede that the road was established along said division line. The appellant caused two surveys of the premises to be made by different surveyors, and his contention is that the true dividing line between his lands and those of the intervener is a few feet south of the center of the said highway as used, and that therefore he is entitled to move his fence south of the line where it has been maintained for many years. The trial court, in a written opinion filed in said cause, said:

"The burden of proof is on the plaintiff to establish under his claim the true location of that line, at least with some degree of certainty. In my judgment, the evidence offered for that purpose falls far short of establishing it."

Without reviewing the evidence in detail, which would serve no useful purpose, from an examination of the record we are forced to acquiesce in this conclusion of the trial court's. The manner in which the two surveys relied upon by appellant were made is unsatisfactory, and the results claimed therefor are inconclusive. The trial court further found:

"In neither of these surveys was any attempt made to locate any government corner as fixed by the original or government survey except the southwest corner and quarter-section corner on the south. There is nothing in the record to indicate that the government corners, as located by the government survey, at the southeast, the northeast, and the northwest corners of the section, as well as the quarter-section corner on the west line of the section, might not have been located, or at least some of them, from which measurements could have located this line with practical certainty."

With regard to the southwest corner of the section, which was used by the surveyors as an established corner, the evidence of the location of the corner was very much in dispute. The original field notes showed that the surveyor making the original survey located the lines on a variation of ten degrees. No such variation, however, was used by the surveyors in making the surveys in question. There is no evidence as to whether or not the section in controversy was a full section of land or a frac-

tional section. The doubts thrown upon the accuracy and certainty of the surveys as shown by the record are such that the trial court was fully warranted in arriving at the conclusion that the appellant had failed to establish the true division line to be at the place claimed by him, and therefore had failed to carry the burden resting upon him under the facts shown in the case.

The evidence discloses that, since the road was established, in 1856, it has been used by the public in substantially the same place where it is now located. Fences were erected on either side of the road, and the land was farmed to said fences. The court found, and properly so under the evidence, that buildings had been erected by the respective landowners, orchards planted and grown, and ordinary improvements erected along the road on each side. The appellant himself testified that he had owned the land for 36 years, and that, until the present controversy, the fence had been maintained at substantially the same place during all this period of time.

No new or doubtful question of law is involved in this case. We rest our conclusion upon the record that the appellant has failed to establish his contention that the true boundary line between his lands and those of the intervener is at the place contended for by him. It is to be noted that the county and the township contend that the true line is the center of the existing road, and not elsewhere. The decree of the trial court fixing the right of the plaintiff and the intervener to establish their fences respectively 20 feet from the center of said highway is correct, under the record in this case. The motion to dismiss ordered submitted with the case is overruled. The decree of the court is sustained by the record, and it must be, and is, in all respects—*Affirmed.*

EVANS, C. J., and STEVENS and VERMILION, JJ., concur.